UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

JAVIER HERNANDEZ, *et al.*,

                              Plaintiffs,


                  v.                                   Civ. No. 02-CV-0523(S)(Sr)


MARIA GARCIA-BOTELLO                         CLASS ACTION
(a.k.a. "Chabela"), *et al.*,
                              Defendants.


_____


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
### MOTION FOR LEAVE TO AMEND THE COMPLAINT

       By their Motion and the instant Memorandum of Law, pursuant to this Court's

Order dated September 30, 2005, Plaintiffs respectfully request leave to file Plaintiffs' Second

Amended Complaint.  A draft of the Second Amended Complaint is attached to the Declaration

of Daniel Werner, dated October 7, 2005, which is incorporated herein by reference.

### INTRODUCTION

       Plaintiffs filed the instant lawsuit on July 22, 2002 as a class action on behalf of

the Named Plaintiffs and other similarly situated farm workers.  On August 2, 2002, prior to

service of their original complaint, Plaintiffs filed their First Amended Complaint ("Complaint").

On October 9 and November 12, 2002, respectively, Defendants Maria Garcia-Botello and Jose

J. Garcia, filed Answers to the Complaint.  On July 17, 2003, the Clerk of this Court entered a

Default as to Defendants Rogelio Espinoza and Jose I. Garcia.  At or around the time of this

Default, the parties briefed issues regarding a stay of this lawsuit in light of the pending criminal

prosecution of the above-named Defendants by the United States Attorney's Office.  A stay was

issued by this Court on September 12, 2003.  On June 2, 2005, the stay was lifted due to the

conclusion of the related criminal proceedings.  At the time the stay was lifted, a little over four months ago, none of the other Defendants in this matter had filed an Answer to the Complaint. In fact, to this day, only three Defendants, Maria Garcia Botello, Jose I. Garcia and Anthony Piedimonte, have filed an Answer in this action.

For the reasons set forth below, and in the interests of justice, the Plaintiffs respectfully request that this Court grant them leave to amend the Complaint.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) permits amendment of a complaint and specifies that leave to amend "shall be freely given when justice requires." *Id.*  Moreover, it is well accepted that "[t]he decision whether to grant leave to amend is within the sound discretion of the Court." *Twisted Records, Inc. v. Rauhofer*, No. 03 Civ. 2644, 2005 WL 517328, at *5 (S.D.N.Y March 3, 2005) (granting plaintiff's motion to amend the complaint under Rule 15(a)).

As one court stated when considering plaintiff's motion to amend the complaint, "wherever possible, cases must be tried on their merits." *Valjean Mfg. Inc. v. Michael Werdiger, Inc.*, No. 03 Civ. 6185, 2004 WL 876056, at *1 (S.D.N.Y. Apr. 22, 2004) (granting plaintiff's motion to amend the complaint under Rule 15(a)).  This rule is applied liberally, and a motion to amend should only be denied for reasons such as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (concluding that the district court abused its discretion in denying leave to amend to include an additional claim). None of these reasons apply to the instant case.

Notably, "[m]ere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for denying a motion to amend." *Twisted Records, Inc. v. Rauhofer*, No. 03 Civ. 2644, 2005 WL 517328, at *6. The present case is "not a case where the amendment came on the eve of trial and would result in new problems of proof." *State Teachers Retirement Bd.*, 654 F.2d at 856. Rather, this case is in the earliest stages of litigation, as the parties have not yet provided their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the majority of the Defendants have not answered the Complaint.

In the instant action, Plaintiffs seek to amend their Complaint, in good faith, to assure that the proper parties are named as Defendants, to add Plaintiffs who recently came to the attention of Class Counsel, to supplement the facts and law pled as part of Plaintiffs' claim against the Contractor Defendants[1] and certain Grower Defendants[2] ("RICO Conspiracy Grower Defendants")[3] for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. § 1961, et seq., to add claims against the Contractor Defendants for violations of the Alien Tort Claims Act, 28 U.S.C. § 1350, the Thirteenth Amendment to the

---

[1]    Maria Garcia-Botello, Elias Botello, Jose J. Garcia, Jose I. Garcia, and Rogelio Espinoza are referred to herein as the "Contractor Defendants."

[2]    Defendants Anthony Piedimonte, Howard Produce Sales, Inc., Patsy Vigneri & Sons, Inc., David Piedmont, Bruce Kirby, Rodney Winkstern, Del Mar Farms, Inc. Francis Domoy, Stephen Howard, James Kirby, Philip Vigneri, Ronald E. Weiler d/b/a Ronclar Farms, Robert Vendetti, Penna's Farms, Nicholas Penna, Marky's & Son's, Inc., John J. Kasmer Farm, LLC, Roots Brothers Farms, Norman Farms, Jim Norman, Carolyn Norman, Hearnes Produce, John Hearnes, Elizabeth Hearnes, Saffold Farms, Bill Saffold, Jim Bradwell, Pickle Bob, Taylor, Gustavo, and Rodney & Sue are referred to herein as the "Grower Defendants."

[3]    The Second Amended Complaint alleges that Defendants Anthony Piedimonte, Howard Produce Sales, Inc., Patsy Vigneri & Sons, Inc., and David Piedmont are the "RICO Conspiracy Grower Defendants."

United States Constitution through its enabling statute, 18 U.S.C. § 1584, to correct legal citations and to make non-substantive stylistic changes.

These amendments sought by Plaintiffs are not futile. "An amendment is considered 'futile' when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Twisted Records, Inc.*, 2005 WL 517328, at *7. In performing an analysis under Rule 12(b)(6), the Court is required to accept the factual allegations in the complaint as true, and draw inferences from those allegations in the light most favorable to the Plaintiffs. *Id.* at *4. "If . . . the party seeking to amend 'has at least colorable grounds for relief, justice . . . require[s]' that its motion be granted." *Id.* at *7. As demonstrated below, the amendments to Plaintiffs' Complaint provide adequate and sufficient grounds for relief, and therefore, are not "futile."

Finally, allowing Plaintiffs leave to amend the Complaint will not unduly prejudice the Defendants. Courts typically consider whether the assertion of new claims would: (i) require the opponents to expend significant additional resources to conduct discovery and prepare for trial, (ii) significantly delay resolution of the dispute, or (iii) prevent the plaintiff from bringing a timely claim in another jurisdiction. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993). None of these factors are applicable to the instant case. Moreover, "[o]ne of the most important considerations in determining whether [an] amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *United States. v. Livecchi*, No. 03-CV-6451P, 2005 WL 2420350 (W.D.N.Y. Sept. 30, 2005) (quotations omitted) (motion to amend granted; no undue prejudice demonstrated). Again, because a scheduling order for discovery has not yet been issued in this matter, and the majority of the

-4-

Defendants have not answered the Complaint, it is implausible to argue that Plaintiffs'
amendments will delay the final disposition of this matter.

Because justice requires that Plaintiffs be permitted to name all liable and
similarly situated injured parties, as well as bring all viable causes of action in one lawsuit, the
Court should grant Plaintiffs leave to amend their Complaint to accomplish these goals.

## I.    Plaintiffs Seek to Name All Liable Parties As Defendants.

In an effort to name all liable parties as Defendants, Plaintiffs seek to amend their
Complaint to: (1) correct the name of one previously named Defendant; (2) name three corporate
entities, which are associated with previously named individual Defendants, as Defendants in
their corporate capacity; (3) add eleven new fully identified Defendants; and (4) add seven new
Defendants whose identities remain partially unknown.

Prior to this proposed amendment, four of the now properly-named Defendants,
DelMar Farms, Inc., Ronald E. Weiler d/b/a Ronclar Farms, Howard Produce Sales, Inc., and
Patsy Vigneri & Sons, Inc., were aware that Plaintiffs intended to name them as Defendants in
this case. *See* Werner Decl. ¶ 3. The facts alleged in the Complaint against the previously-
named individual Defendants apply equally to their now-named corporate entities.

Plaintiffs have also moved to add eleven Defendants, including Penna's Farms,
Nicholas Penna, Marky's & Son's, Inc., John J. Kasmer Farm, LLC, Roots Brothers Farms,
Norman Farms, Jim Norman, Carolyn Norman, Hearnes Produce, John Hearnes, and Elizabeth
Hearnes. Since August 5, 2002 when the Complaint was filed, Plaintiffs became aware of the
names of these Defendants from reviewing documents produced as part of the criminal
investigation of the Contractor Defendants. Prior to this point in time, Plaintiffs did not know

the identities of these Defendants.  *See* Werner Decl. ¶ 4.  The facts alleged in the Complaint against the previously-named Defendants apply equally to these Defendants.

Finally, Plaintiffs seek to add Saffold Farms, Bill Saffold, Jim Bradwell, Pickle Bob, Taylor, Gustavo, and Rodney & Sue as Defendants.  While Plaintiffs have reason to believe that these Grower Defendants were involved in the activities that deprived Plaintiffs and/or other class members of their rights, Plaintiffs have not received the discovery required to identify the proper names and addresses of these individuals and/or corporations.  *See* Werner Decl. § 5.

Because justice requires that Plaintiffs be permitted to bring all liable parties before this Court, the Court should grant Plaintiffs' motion to amend the Complaint to add all of these Defendants.

## II.    **Plaintiffs Seek to Add Newly Discovered Plaintiffs.**

Plaintiffs seek to add two Named Plaintiffs, Daniel Victoria Leon and Agustin San Juan, whose injuries have recently come to the attention of Class Counsel.  These proposed Named Plaintiffs were identified by local organizations as persons injured by Defendants and their names were forwarded to Class Counsel.  *See* Werner Decl. ¶ 6.

Class Counsel has verified, upon information and belief, that these newly identified Named Plaintiffs are similarly situated to the previously identified Named Plaintiffs.  Specifically, the newly identified Named Plaintiffs were:  employees of Contractor Defendants and some or all of the Grower Defendants on one or more occasions, including in July and August 2001, within the meaning of the Fair Labor Standard Act; migrant agricultural workers within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1802(10)(A); engaged in agricultural employment within the meaning of AWPA, 29

U.S.C. § 1802(3); employed in the production of goods for sale in interstate commerce; and "person[s]" within the meaning of the RICO, 18 U.S.C. § 1961.  *See* Second Am. Comp. ¶¶ 115-142.

Because the newly identified Named Plaintiffs were injured by the same Defendants and suffered the same injuries as the previously identified Named Plaintiffs, justice requires that Plaintiffs be permitted to amend their complaint to add these Named Plaintiffs.

III.    **Plaintiffs Seek to Assert All Viable Causes of Action.**

Plaintiffs seek to amend their Complaint to add new causes of action and to supplement the facts previously alleged.  Plaintiffs have moved to supplement the law and facts pled under the RICO, 18 U.S.C. 1961, et seq., and to add a new count under the RICO 18 U.S.C. § 1962(d) for conspiracy.  Plaintiffs are also moving to add claims against the Contractor Defendants for violations of the Alien Tort Claims Act and the Thirteenth Amendment of the U.S. Constitution through its enabling statute, 18 U.S.C. § 1584.  Because the Complaint alleges facts sufficient to establish the elements of these claims, justice requires that leave be granted for Plaintiffs to amend their Complaint.

A.    **Contractor Defendants and RICO Conspiracy Grower Defendants Violated the RICO.**

The RICO is violated when (1) a "person" within the scope of the statute; (2) has utilized a "pattern of racketeering activity" or the proceeds thereof; (3) to infiltrate an interstate "enterprise," (4) by (a) investing the income derived from the pattern of racketeering activity in the enterprise; (b) acquiring or maintaining an interest in the enterprise through the pattern of racketeering activity; (c) conducting the affairs of the enterprise through the pattern of racketeering activity; or (d) conspiring to commit any of the above acts.  18 U.S.C. § 1961, 1962.

-7-

A civil complaint must also allege that Plaintiffs were injured in their business or property "by reason of" a RICO violation.  18 U.S.C. § 1964.

Plaintiffs' Second Amended Complaint sufficiently alleges facts to establish these elements.  As defined in 18 USC § 1961(3), "'person' includes any individual or entity capable of holding a legal or beneficial interest in property."  Plaintiffs have alleged that the Grower Defendants are capable and do hold a legal or beneficial interest in property.  Second Am. Comp. ¶¶ 143 to 189.

A "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 USC § 1961(5).  Under 18 U.S.C. § 1961(1)(A), a predicate act of racketeering activity can be "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year."  Plaintiffs have alleged several violations of state law punishable by imprisonment of more than one year including:  (1) Larceny by Extortion in violation of N.Y. Penal Law §§ 155.05(2), 155.30(6) and 155.40(2)(b) and (2) Kidnaping in violation of N.Y. Penal Law §§ 135.25, 135.20. Second Am. Comp. ¶¶ 149-173.  Plaintiffs have alleged facts sufficient to establish Larceny by Extortion by alleging that the Contractor Defendants willfully used threatening force and fear to induce Plaintiffs to abandon their property rights to be paid in accordance with state and federal labor law.  Second Am. Comp. ¶¶ 83-142, 166-167.  Plaintiffs have alleged facts to establish

Kidnaping by alleging that the Contractor Defendants restrained Plaintiffs and other class members for a period of more than twelve hours in order to advance the commission of a felony, including: Extortion, Wire Fraud, and Larceny by Extortion. Second Am. Comp. ¶¶ 83-142, 168-170. Plaintiffs allege that these acts repeatedly occurred at least from 1995 to 2001 and had common participants, the same victims, the same purpose of benefitting Defendants at the expense of Plaintiffs and were interrelated in that they served to further the operation and support the criminal worker exploitation scheme. Second Am. Compl. ¶¶ 171-173.

Plaintiffs have also alleged several of the federal predicate offenses outlined in 18 U.S.C. § 1961(1)(B), including: (1) Extortion in violation of 18 U.S.C. § 1951; (2) Involuntary servitude in violation of 18 U.S.C. § 1584; (3) Forced labor in violation of 18 U.S.C. § 1589; and (4) Wire fraud in violation of 18 U.S.C. § 1343. Second Am. Compl. ¶¶ 149, 156-165.

Plaintiffs have alleged facts sufficient to establish Extortion in violation of 18 U.S.C. § 1951 when they alleged that Contractor Defendants willfully threatened force and fear to induce Plaintiffs to abandon their property rights to be paid according to federal and state labor laws. Second Am. Compl. ¶¶ 83-142, 151-153.

Plaintiffs have also alleged facts sufficient to establish Involuntary servitude in violation of 18 U.S.C. § 1584 when they alleged that Contractor Defendants willfully and continuously threatened Plaintiffs and other class members with legal coercion and use of force in order to cause Plaintiffs and other class members to believe that they had no choice but to continue to work for Contractor Defendants. Second Am. Compl. ¶¶ 83-142, 154-155.

Plaintiffs have alleged facts sufficient to establish Forced labor in violation of 18 U.S.C. § 1589 when they alleged that Contractor Defendants willfully threatened violence and

-9-

created a climate of fear to force Plaintiffs to work on Grower Defendants' farms.  Second Am. Compl. ¶¶ 83-142, 156-157.

Plaintiffs have alleged facts sufficient to establish Wire fraud in violation of 18 U.S.C. § 1343 by alleging that Contractor Defendants knowingly and willfully devised a scheme to defraud Plaintiffs and other class members in order to obtain some or part of the wages the Contractor Defendants were required by federal and state law to pay Plaintiffs.  Second Am. Compl. ¶ 83-142, 158-165.  Plaintiffs allege that Contractor Defendants knowingly and willfully used telephones and wire transfers with the intent of furthering this scheme, including telephone calls between Contractor Defendants and human traffickers for the purpose of arranging the scheme that defrauded Plaintiffs.  Second Am. Compl. ¶¶ 160-165.  Plaintiffs allege that these acts repeatedly occurred at least from 1995 to 2001 and had common participants, the same victims, the same purpose of benefitting Defendants at the expense of Plaintiffs and were interrelated in that they served to further the operation and support the criminal worker exploitation scheme.  Second Am. Compl. ¶¶ 171-173.

Pursuant to 18 U.S.C. § 1961(4), "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  Plaintiffs have alleged that Grower Defendants and Contractor Defendants associated themselves in order to execute essential aspects of the criminal worker exploitation scheme.  Second Am. Compl. ¶¶ 143-148.  Specifically, Plaintiffs allege that Contractor Defendants facilitated and furnished the labor of Plaintiffs and other class members to further the Grower Defendants' business by performing work on the Grower Defendants' farms.  Second Am. Compl. ¶¶ 88, 143-148.

-10-

Plaintiffs claim that RICO Conspiracy Grower Defendants and Contractor Defendants conspired together in violation of the RICO.  Second Am. Compl. ¶ 174.  Plaintiffs have alleged facts to establish that RICO Conspiracy Grower Defendants adopted the goals of furthering, facilitating and providing support for Contractor Defendants' criminal worker exploitation scheme.  Second Am. Compl. ¶ 175.  Specifically, Plaintiffs allege that RICO Conspiracy Grower Defendants had knowledge that Contractor Defendants were committing some or all of the predicate acts and did not require Contractor Defendants to cease those actions.  Second Am. Compl. ¶¶ 176-189.  Plaintiffs allege that RICO Conspiracy Grower Defendants knowingly increased their profit margins by paying Contractor Defendants a sub-market rate for the work performed by Plaintiffs and other class members.  Plaintiffs allege that RICO Conspiracy Grower Defendants knew that the sub-market rate could not have existed without Contractor Defendants' criminal worker exploitation scheme.  Second Am. Compl. ¶ 182.

Plaintiffs have alleged that they and other class members have been deprived of their property in violation of federal and state labor laws because of RICO Conspiracy Grower Defendants' and Contractor Defendants' RICO violation and have thereby suffered an injury.  18 U.S.C. § 1964.  Second Am. Compl. ¶¶ 220, 225.

Because Plaintiffs have pled facts sufficient to establish the elements of 18 U.S.C. § 1961, et seq., justice requires that Plaintiffs be permitted to amend their Complaint.

**2.      Contractor Defendants Violated the Thirteenth Amendment.**

The Thirteenth Amendment to the United States Constitution provides that "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Thirteenth Amendment's enabling statute, 18 U.S.C. § 1584, states that a plaintiff must demonstrate that a defendant's actions fit the definition of "involuntary servitude." The Supreme Court has defined "involuntary servitude" as "a condition of servitude in which the victim is forced to work for the defendants by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." *United States v. Kozminski*, 487 U.S. 931, 952 (1988). This definition includes all cases "in which the defendant holds the victim in servitude by placing the victim in fear of such physical restraints or injury or legal coercion." *Id.*

Plaintiffs have pled sufficient facts to establish that Contractor Defendants imposed a condition of involuntary servitude upon Plaintiffs and other class members. Second Am. Compl. ¶¶ 83-142. Contractor Defendants enforced the condition of involuntary servitude through force, threat of force and by control over means of transportation, food, housing, and communication combined with rural isolation. Second Am. Compl. ¶ 229.

Specifically, Plaintiffs allege the following facts in support of their claim:

1.     Plaintiffs and other class members were told that they were not physically free to leave until they had paid off their "transportation fee" and other debts owed for rent, food, electricity, and transportation to the field. Second Am. Compl. ¶¶ 95, 120.

2.     Plaintiffs were told about the fate of another group of workers who had escaped without paying their debts and/or were told that they would be hunted and beaten if they tried to escape. Second Am. Compl. ¶¶ 96, 124.

3.     Plaintiffs were also told that they should not walk on the roads, be seen out of the house, or speak to people they encountered because they would likely be deported by the Immigration and Naturalization Services.  Second Am. Compl. ¶¶ 97, 121.

4.     One or more of the Contractor Defendants frequently visited the house where Plaintiffs and other class members were forced to reside to ensure that they did not leave, and to contact other Contractor Defendants if one of the Plaintiffs or other class members attempted to leave. Second Am. Compl. ¶¶ 101, 125.

5.     Contractor Defendants transported Plaintiffs and other class members to Grower Defendants' farms to perform agricultural work.  Second Am. Compl. ¶¶ 104, 126.

6.     At least one Contractor Defendant physically punched a worker in at least one Named Plaintiff's presence.  Contractor Defendant stated that this Named Plaintiff would receive the same treatment if he disobeyed her orders.  Second Am. Compl. ¶ 106.

7.     At least one Contractor Defendant told at least one Named Plaintiff, who had injured his arm while working, that he would be locked up and would not receive food if he did not work. Second Am. Compl. ¶ 107.

8.     At least one Contractor Defendant would yell and curse at Named Plaintiffs and other class members to intimidate them.  Second Am. Compl. ¶¶ 108, 127.

9.      At least one Contractor Defendant refused to buy food for Named Plaintiffs and other class members who informed her that they were hungry and had no food to eat.  Second Am. Compl. ¶ 109.

10.     Several Contractor Defendants discussed fire arms and ammunition in Plaintiffs' presence  to intimidate them.  Second Am. Compl. ¶ 110.

Because Plaintiffs have pled facts sufficient to establish a violation of the Thirteen Amendment to the United States Constitution through its enabling statute, 18 U.S.C. § 1584, justice requires that Plaintiffs be permitted to amend their Complaint.

**C.      Contractor Defendants Violated the Alien Tort Claims Act.**

Under the Alien Tort Claims Act, "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  28 U.S.C. § 1350.  In order to establish a claim under the Alien Tort Claims Act, Plaintiffs must demonstrate:  (1) Defendant committed a tort and (2) the tort violated a treaty of the United States or the "laws of nations."  *Id.*

The facts alleged to support Plaintiffs' claims that their Thirteenth Amendment rights were violated also support their claims involving the torts of involuntary servitude, forced labor and debt peonage.  *See supra* Section B.  Plaintiffs allege that the torts Contractor Defendants committed were in violation of treaties of the United States, that in concert with other international instruments, constitute the law of nations for purposes of the Alien Tort Claims Act, 28 U.S.C. § 1350.  The controlling law of nations includes, but is not limited to, the Universal Declaration of Human Rights, G.A. Res. 217A  (Ill.), U.N. Doc. A/810, at 71 (1948); the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171, 61

-14-

I.L.M. 368; the Slavery Convention on the Abolition of Slavery, the Slave Trade and Institutions and Practices Similar to Slavery, Sept. 7, 1956, 18 U.S.T. 3201, 266 U.N.T.S. 3; the International Labour Organisation (ILO) on Fundamental Principles and Rights at Work, International Labour Conference (ILC) 86th Sess., June 19, 1998, §2(c), 37 I.L.M. 1233; the Convention Concerning Forced or Compulsory Labour, June 28, 1930, 39 U.N.T.S. 55; and the Convention Concerning the Abolition of Forced Labour, June 25, 1957, 320 U.N.T.S. 291.

Because Plaintiffs have pled facts sufficient to establish a violation of the Alien Tort Claims Act, justice requires that Plaintiffs be permitted to amend their Complaint.

### CONCLUSION

For the reasons set forth herein, the Plaintiffs' Motion for Leave to Amend the Complaint should be granted.

Dated: Kingston, New York        Respectfully submitted,
      October 7, 2005

                                   _____ /s/ Daniel Werner_____
                                   Daniel Werner
                                   dwerner@wnylc.com
                                   WORKERS' RIGHTS LAW CENTER
                                   OF NEW YORK, INC.
                                   101 Hurley Ave., Suite 5
                                   Kingston, NY 12401
                                   (845)331-6615
                                   Fax: (845)331-6617

                                   Danielle Salgado
                                   dsalgado@wnylc.com
                                   FARMWORKER LEGAL SERVICES
                                   OF NEW YORK, INC.
                                   1187 Culver Rd.
                                   Rochester, NY 14609
                                   (585)325-3050

Fax: (585)325-7614

John J.P. Howley
Shefali Kothari
JHowley@kayescholer.com
SKothari@kayescholer.com
KAYE SCHOLER LLP
425 Park Ave.
New York, NY 10022-3598
(212) 836-8000
Fax: (212) 836-8689