UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

JAVIER HERNANDEZ, *et al.*,

                Plaintiffs,

    v.

MARIA GARCIA-BOTELLO
(a.k.a. "Chabela"), *et al.*,

                Defendants.

Civ. No. 02-CV-0523(S)(Sr)

CLASS ACTION

PLAINTIFFS' RICO CASE STATEMENT

## RICO CASE STATEMENT

Plaintiffs, by and through their attorneys, submit the following RICO Case Statement pursuant to Rule 5.1(h) of the Local Rules of the Western District of New York.[1]

1.     The alleged unlawful activity is in violation of 18 U.S.C. §§ 1962(c) and (d).

2.     The Defendants and the alleged misconduct and the basis of liability of each Defendant are as follows:

    a.     Maria Garcia-Botello, Elias Botello, Jose J. Garcia, Jose I. Garcia, and Rogelio Espinoza (the "Contractor Defendants") conducted and operated a criminal worker-exploitation scheme in violation of 18 U.S.C. §§ 1962(c). The Contractor Defendants also conspired with Defendants Anthony Piedimonte, Howard Produce Sales, Inc., Patsy Vigneri and Sons, Inc., and David Piedmont (the "RICO Conspiracy Grower Defendants") in violation of 18 U.S.C. § 1962(d).

---

[1] All of the information provided herein is upon information and belief. Given the nature of the fraud and other alleged wrongdoing, much information is unavailable to the Plaintiffs and other class members absent further discovery. Plaintiffs and other class members reserve the right to amend this RICO statement as information is learned and after discovery is obtained.

-1-

      b.      The RICO Conspiracy Grower Defendants and the Contractor Defendants entered into an agreement to conduct, further, facilitate and provide support for the criminal worker exploitation scheme in violation of 18 U.S.C. § 1962(d).

3.      In addition to the Defendants listed above, it is believed that Defendants Bruce Kirby, Rodney Winkstern, Del Mar Farms, Inc. Francis Domoy, Stephen Howard, James Kirby, Philip Vigneri, Ronald E. Weiler d/b/a Ronclar Farms, Robert Vendetti, Penna's Farms, Nicholas Penna, Marky's & Son's, Inc., John J. Kasmer Farm, LLC, Roots Brothers Farms, Norman Farms, Jim Norman, Carolyn Norman, Hearnes Produce, John Hearnes, Elizabeth Hearnes, Saffold Farms, Bill Saffold, Jim Bradwell, Pickle Bob, Taylor, Gustavo, and Rodney & Sue (the "Non-RICO Conspiracy Defendants"), as well as Sylvia Muñoz Rubio,[2] may have been other wrongdoers involved in the criminal worker exploitation scheme as members of the enterprise.

4.      The alleged victims are Plaintiffs Javier Hernandez, Hector Hernandez, Miguel Perez, Sergio Rosales Cuello, Juventino Cazuela, Juan Antonio Garcia, Jonas Geronimo Dominguez, Lazaro Perez Rodriguez, Baldemar Cacho Velez, Marcos Cacho Velaz, Daniel Victoria Leon, Agustin San Juan and all other class members. Each alleged victim has been deprived of their property rights under federal and state labor law to receive wages earned. Furthermore, as a result of the criminal worker-exploitation scheme, Plaintiffs and other class members were forced into a state of involuntary servitude and forced labor in violation of their rights under both federal and state law.

---

[2] Sylvia Muñoz Rubio is not a party to this litigation. She was identified as having assisted the Contractor Defendants in housing some of the Plaintiffs and other class members in Arizona prior to their abduction to New York State.

5. The Pattern of Racketeering Activity

(A) The predicate acts committed by the Contractor Defendants include: Extortion in violation of 18 U.S.C. § 1951; Involuntary servitude in violation of 18 U.S.C. § 1584; Forced labor in violation of 18 U.S.C. § 1589; Wire fraud in violation of 18 U.S.C. § 1343; Larceny by extortion in violation of N.Y. Penal Law § 155.05(2); and Kidnaping in violation of N.Y. Penal Law § 135.25.

<u>Extortion in violation of 18 U.S.C. § 1951</u>

In July and August 2001, the Contractor Defendants knowingly and willfully committed multiple predicate acts of extortion in violation of 18 U.S.C. § 1951 by wrongfully using and/or threatening the use of force to induce the Plaintiffs to abandon their property rights to be paid their due wages.

As part of their criminal worker-exploitation scheme, the Contractor Defendants and their co-conspirators intentionally sought out and recruited undocumented field workers -- many of whom did not speak English -- because they knew that they would be better able to take advantage of people who would be fearful of American government authorities. These workers were then housed at labor camps in horrendous conditions. In some cases, eleven men and boys were placed in a single room with only three beds. Often, they had no food or water. When the workers complained, they were threatened and, in some cases, physically assaulted. The Contractor Defendants spoke frequently in front of the workers about weapons and warned that they would be hunted and beaten if they tried to escape. When workers did leave the squalid living conditions at the labor camps, sometimes to escape and other times just to seek food, the Contractor Defendants would attempt to track them down. Often, the Plaintiffs were told by the

Contractor Defendants that they would be deported by the INS if they attempted to leave the farm labor camps. Moreover, the Contractor Defendants routinely obtained Plaintiffs' paychecks from the RICO Conspiracy Grower Defendants, forged the endorsement on the back of the pay check, and kept all or a part of the money for themselves, thus depriving Plaintiffs' of their wages. All of this was done to intimidate the Plaintiffs and deter them from escaping, and allowed the Contractor Defendants to induce Plaintiffs to abandon their property rights to be paid their due wages.

<u>Involuntary servitude in violation of 18 U.S.C. § 1584</u>

In July and August 2001, the Contractor Defendants willfully and continuously held Plaintiffs and other class members in involuntary servitude in violation of 18 U.S.C. § 1584. As stated above, the Contractor Defendants threatened Plaintiffs and other class members with legal coercion and the use of force in order to cause Plaintiffs and other class members to believe that they had no choice but to continue to work for the Contractor Defendants. The allegations to support this claim have been provided above.

<u>Forced labor in violation of 18 U.S.C. § 1589</u>

In July and August 2001, the Contractor Defendants provided and obtained the labor and services of the Plaintiffs and other class members through the use of (1) threats of serious harm and physical restraint against the Plaintiffs, (2) a scheme, plan, or pattern intended to cause the Plaintiffs to believe that, if they did not perform such labor or services, that they would suffer serious harm or physical restraint, and/or (3) abuse or threatened abuse of law or the legal process in violation of 18 U.S.C. § 1589. The allegations to support this claim have been provided above.

<u>Wire fraud in violation of 18 U.S.C. § 1343</u>

The Contractor Defendants knowingly and willfully devised a scheme to defraud Plaintiffs and other class members, and to obtain money or property from Plaintiffs and other class members through false or fraudulent pretenses, representations, or promises.  The money obtained from Plaintiffs and other class members were the wages the Contractor Defendants were required by state and federal law to pay to the Plaintiffs and other class members, which they never paid.  At the time of their recruitment, the Plaintiffs and other class members were promised wages far in excess of the amounts they ultimately received for their labor.  For example, in July 2001, Defendant Elias Botello promised Plaintiff Javier Hernandez that he would earn $500 per week to pick squash in New York State.  Javier Hernandez never received any payment for his labor.  Defendant Elias Botello made many such promises to Plaintiffs and other class members with the intent to induce them to travel with him to New York, and ultimately to exploit them.

The Contractor Defendants knowingly and willfully used telephones to communicate with each other and others with the intent of executing and furthering this fraudulent scheme. These communications included, but were not limited to, telephone calls between Defendant Maria Garcia-Botello and Defendants Elias Botello and Rogelio Espinoza, as well as telephone calls between the Contractor Defendants and Sylvia Muñoz Rubio in or around July 2001 for the purpose of arranging the scheme by which the Route 31 Plaintiffs were defrauded.  These Defendants also engaged in similar conversations in late July and/or early August 2001 for the purpose of arranging the scheme by which the Herman Camp Plaintiffs were defrauded.  The following list provides examples of such communications:

| DATE | NATURE OF TRANSMISSION | ORIGIN | DESTINATION |
|---|---|---|---|
| 7/3/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 7/11/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 8/1/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 8/1/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 8/1/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 8/1/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 8/4/01 | Cell Phone Call | Elias Botello | Sylvia Muñoz Rubio |
| 8/22/01 | Cell Phone Call | Rogelio Espinoza | Sylvia Muñoz Rubio |
| 8/22/01 | Cell Phone Call | Rogelio Espinoza | Sylvia Muñoz Rubio |

Additionally, the Contractor Defendants knowingly and willfully used wire transfers to provide financial support to each other with the intent of executing and furthering their fraudulent scheme. The following list provides examples of such transfers:

| DATE | NATURE OF TRANSMISSION | ORIGIN | DESTINATION |
|---|---|---|---|
| 7/12/01 | Western Union Money Transfer | Maria Garcia-Botello (Holley, NY) | Elias Botello (Ft. Stockton, TX) |
| 7/14/01 | Western Union Money Transfer | Maria Garcia-Botello (Holley, NY) | Elias Botello (Eloy, AZ) |
| 7/15/01 | Western Union Money Transfer | Maria Garcia-Botello (Holley, NY) | Elias Botello (Flagstaff, AZ) |
| 7/17/01 | Western Union Money Transfer | Maria Garcia-Botello (Holley, NY) | Elias Botello (Columbus, OH) |
| 7/25/01 | Western Union Money Transfer | Maria Garcia-Botello (Holley, NY) | Elias Botello (Eloy, AZ) |

| 7/27/01 | Western Union Money Transfer | Maria Garcia-Botello (Holley, NY) | Elias Botello (Eloy, AZ) |

<u>Larceny by extortion in violation of N.Y. Penal Law §§ 155.05(2), 155.30(6) and 155.40(2)(b)</u>

In July and August 2001, the Contractor Defendants knowingly and willfully committed multiple predicate acts of extortion in violation of N.Y. Penal Law §§ 155.30(6) and 155.40(2)(b), which are defined as Grand Larceny by Extortion in N.Y. Penal Law § 155.05, by wrongfully using threatened force and fear to induce Plaintiffs to abandon their property right to be paid their due wages. The allegations to support this claim have been provided above.

<u>Kidnaping in violation of N.Y. Penal Law §§ 135.20 and 135.25</u>

In July and August 2001, the Contractor Defendants abducted the Plaintiffs and other class members in violation of N.Y. Penal Law §§ 135.20 and 135.25. They restrained the Plaintiffs and other class members for a period of more than twelve hours to accomplish or advance the commission of felonies including, but not limited to: Extortion, Involuntary Servitude, Wire Fraud, and Larceny by Extortion. The allegations to support this claim have been provided above.

(B) The dates of the predicate acts have been set forth above in section 5(A), *supra*.

(C) The RICO claims of Plaintiffs and other class members are based, in part, on the predicate offense of wire fraud. The time, place and contents of the misrepresentations, as well as the identity of the persons to whom and by whom the alleged misrepresentations were made have been stated above in section 5(A), *supra*.

(D)  On December 2, 2004, Defendants Maria Garcia and Elias Botello both plead guilty to a violation of 18 U.S.C. § 1589, one of the predicate acts alleged as part of a pattern of racketeering activity.

(E)  To date, no civil litigation has resulted in a judgment in regard to any of the predicate acts.

(F)  The predicate acts form a "pattern of racketeering activity" because the definition of "racketeering activity" under 18 U.S.C. 1961(1)(A) is "any act of threat involving...kidnapping [or]...extortion which is chargeable under State law and punishable by imprisonment for more than one year," and the definition of racketeering activity under 18 U.S.C. § 1961(1)(B) is "any act which is indictable under any of the following provisions of title 18, United States Code:...section 1343 (relating to wire fraud)...sections 1581-1591 (relating to peonage, slavery, and trafficking in persons) [and]...section 1951 (relating to interference with commerce, robbery, or extortion)."  A "pattern of racketeering activity requires at least two acts of racketeering activity" one of which occurred after the effective date of Chapter 96 and the last of which occurred within ten years after the commission of a prior act of racketeering activity.  The facts as alleged fit these definitions.

(G)  The alleged predicate acts relate to each other as part of a common criminal worker-exploitation scheme.  The manner in which the frauds and other predicate acts were committed were similar and involved the same or similar Defendants, each of whom played a role in either operating, supporting, or furthering the criminal worker-exploitation scheme.

6.     The RICO Enterprise

(A)  The RICO enterprise is comprised of Sylvia Muñoz Rubio and each and every Defendant named in this lawsuit, who at all times were engaged in an enterprise and associated in fact within the meaning of 18 U.S.C. §§ 1961(4) and 1962.

(B)  Using their positions as operators of a farm labor contracting business, the Contractor Defendants made ongoing associations with each individual and corporation in the enterprise to furnish them with farm laborers at sub-market bargain rates.  In order to further this scheme, the Contractor Defendants abused the workers they recruited, created fraudulent employment and identification documents, and made illegal deductions from their workers' paychecks in violation of various federal and state laws.  It is believed that the Contractor Defendants conducted and orchestrated this enterprise and the RICO Conspiracy Grower Defendants conspired with them to further its goals.

(C)  None of the Defendants are employees, officers or directors of the alleged enterprise.

(D)  All of the Defendants in this lawsuit are associated in fact with the alleged enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962, as described in section 5(A), *supra*.

(E)  All of the Defendants named in this lawsuit are members of the enterprise.

(F)  The Contractor Defendants are perpetrators of the alleged racketeering activity and predicate acts and the RICO Conspiracy Grower Defendants conspired with them, either directly or indirectly, to commit and/or further the alleged racketeering activity.

7.  The Plaintiffs and other class members do not believe that the enterprise has merged with the racketeering activity.

8. The enterprise is comprised of all of the Defendants named in this lawsuit. While working in conjunction to create and further the enterprise, the Plaintiffs believe that the members of the enterprise continued to participate in non-enterprise related activities.

9. The enterprise received a direct financial benefit from the alleged pattern of racketeering activity in that it enabled them to procure farm labor at rates far below market averages.

10. The activities of the enterprise had a direct impact on both interstate commerce in that the Contractor Defendants traveled on interstate highways and used interstate wires to recruit the farm workers furnished to the Grower Defendants. Furthermore, the predicate acts of wire fraud alone have a nexus to at least four states.

11. The complaint does not allege a violation of 18 U.S.C. § 1962(a).

12. The complaint does not allege a violation of 18 U.S.C. § 1962(b).

13. The complaint alleges a violation of 18 U.S.C. § 1962(c).

   a. The Contractor Defendants, Non-RICO Conspiracy Defendants, RICO Conspiracy Grower Defendants and Sylvia Muñoz Rubio are associated with the enterprise.

   b. The liable enterprise is more extensive than the liable persons.

14. The Alleged Conspiracy

The RICO Conspiracy Grower Defendants and the Contractor Defendants knowingly agreed, combined and conspired with and among themselves and others to conduct and participate, directly, or indirectly, in the affairs of the enterprise through an ongoing pattern of

racketeering activity in violation of 18 U.S.C. § 1962(d).  Together, they adopted the goal of furthering, facilitating and providing support for a criminal worker-exploitation scheme.

Through the criminal worker-exploitation scheme, the RICO Conspiracy Grower Defendants knowingly increased their profit margins by securing a steady supply of farm labor at sub-market rates.  According to the U.S. Department of Labor's Bureau of Labor Statistics, in 2001, the mean hourly wage rate for farm workers like the Plaintiffs and other class members was $8.96 in New York State.  In 2001, some, if not all of the RICO Conspiracy Grower Defendants paid the Contractor Defendants $5.15 per hour for Plaintiffs' and other class members' labor -- 43% less than the mean wage for farm workers in New York State.  Furthermore, there is evidence, even at this early stage of discovery, to show that the RICO Grower Defendants knew or should have known that the Contractor Defendants were providing them with fraudulent social security numbers, falsified employment documents and fabricated identifications for the Plaintiffs and other class members.  Although they had authority to require that the Contractor Defendants cease their commission of the pattern of racketeering activity, the RICO Conspiracy Grower Defendants failed to exercise this authority.

15. The Plaintiff and other class members have been deprived of their rights under federal and state law to receive wages earned.

16. By virtue of the exploitation scheme conducted and supported by the Contractor Defendants and the RICO Conspiracy Grower Defendants, the Plaintiffs and other class members were never paid the wages owed to them under federal and state law.  They were injured directly as the result of these Defendants' misconduct.

17.     The Contractor Defendants and the RICO Conspiracy Grower Defendants are liable to the Plaintiffs and other class members for the payment of wages, duly trebled pursuant to the RICO statute, plus costs, attorney's fees, and punitive damages.

18.     Other Federal Causes of Action:  Fair Labor Standards Act, 29 U.S.C. § 206 et seq. and its implementing regulations; Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq. and its implementing regulations; Thirteenth Amendment of the United States Constitution, 18 U.S.C. § 1581, 18 U.S.C. § 1584, 18 U.S.C. § 1589, and 42 U.S.C. § 1994; and the Alien Tort Claims Act, 28 U.S.C. § 1350.

19.     Pendent State Claims: New York State Contract Law; New York State Labor Law, §§ 670, et seq., 681, 193, and 198; and claims for fraud, false imprisonment, intentional infliction of emotional distress, and assault.

20.     Additional information that Plaintiffs believe would be helpful to the Court is set for in their Second Amended Complaint.


Dated:  Kingston, New York                        Respectfully submitted,
        October 7, 2005

                                                         /s/ Daniel Werner
                                                  Daniel Werner
                                                  dwerner@wnylc.com
                                                  WORKERS' RIGHTS LAW CENTER
                                                  OF NEW YORK, INC.

101 Hurley Ave., Suite 5
Kingston, NY 12401
(845)331-6615
Fax: (845)331-6617

Danielle Salgado
dsalgado@wnylc.com
FARMWORKER LEGAL SERVICES
OF NEW YORK, INC.
1187 Culver Rd.
Rochester, NY 14609
(585)325-3050
Fax: (585)325-7614

John J.P. Howley
Shefali Kothari
JHowley@kayescholer.com
SKothari@kayescholer.com
KAYE SCHOLER LLP
425 Park Ave.
New York, NY 10022-3598
(212) 836-8000
Fax: (212) 836-8689