UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAVIER H., et al.,

                Plaintiffs,

v.                                                    **DECISION AND ORDER**
                                                             02-CV-523S

MARIA GARCIA-BOTELLO, et al.,

                Defendants.

1.      Presently before this Court are Plaintiffs' Amended Motion for Expedited Hearing and Amended Motion for Extension of Time to File a Motion for Class Certification. (See Docket Nos. 138 and 140). For the following reasons, the motions are denied as moot.

2.      Plaintiffs seek expedited treatment of their motion seeking an extension of the February 19, 2007 deadline set by Magistrate Judge Schroeder for the filing of any Motion for Class Certification. (See Docket No. 131.) However, the time for Plaintiff to file such a motion or seek an extension of time to do so has long run. As such, this case is in a different procedural posture, and this Court will require Plaintiffs to first obtain leave to file such a motion before a deadline for doing so is imposed.

3.      Rule 23 of the Local Rules of Civil Procedure for the Western District of New York governs class action lawsuits. In particular, the rule provides the following time limit as it relates to motions for class certification:

> Within 120 days after the filing of a pleading alleging a class action, unless this period is extended on motion for good cause filed prior to the expiration of said 120-day period or in the scheduling order, the party seeking class certification shall move for a determination under Federal Rule of Civil Procedure 23(c)(1) as to whether the case is to be maintained

as a class action.

Local Rule 23(d).

4. The original Complaint in this action was filed on July 22, 2002. As clearly indicated in its caption and allegations, the Complaint alleges a class action lawsuit. (See Docket No. 1.) As such, pursuant to Local Rule 23(d), Plaintiffs were obligated to either file a Motion for Class Certification or move for an extension of time to do so on or before November 19, 2002.[1] Plaintiffs failed to do so, and have admitted as such. (Docket No. 140.) Moreover, Magistrate Judge Schroeder noted Plaintiffs' failure to properly move within the deadline in his recent decision on Plaintiffs' Motion to File an Amended Complaint. (See Docket No. 107.)

5. Local Rule 23(g) addresses the situation presented here, where a plaintiff has not acted within the 120-day time limit. The rule provides as follows:

> Failure to move for class determination and certification within the time required herein shall constitute and signify an intentional abandonment and waiver of all class action allegations contained in the pleading and the action shall proceed as an individual, non-class action thereafter. If any motion for class determination or certification is filed after the deadline provided herein, it shall not have the effect of reinstating the class allegations unless and until it is acted upon favorably by the Court upon a finding of excusable neglect and good cause.

Local Rule 23(g).

---

[1] The Magistrate Judge did not issue a scheduling order until after the expiration of the initial 120-day period.

6.     Accordingly, because Plaintiffs have failed to move for class certification as discussed above, this action is currently an individual, non-class action by operation of Rule 23(g). Plaintiffs correctly note in their motion papers that Rule 23(g) requires that they seek to reinstate their class claims in conjunction with the late filing of any class certification motion. (<u>See</u> Docket No. 140.) However, in this case, this Court finds it most expedient for all involved to first determine whether Plaintiffs can demonstrate excusable neglect and good cause for their failure to file a class certification motion within the 120-day time period. Should this Court find in Plaintiffs' favor, it will grant leave for Plaintiffs to file a Motion for Class Certification. If no such leave is granted, counsel will be saved the time and effort of preparing the class certification motion.

7.     The motions for expedited hearing and extension of time to file a class certification motion are denied as moot. If Plaintiffs wish to file a class certification motion, they must first obtain leave of this Court to do so by demonstrating excusable neglect and good cause.[2] <u>See</u> Local Rule 23(g).

IT HEREBY IS ORDERED, that Plaintiffs' Amended Motion for Expedited Hearing (Docket No. 138) is DENIED as moot.

---

[2] Plaintiffs should caption any such motion as a "Motion for Leave to File a Class Certification Motion."

FURTHER, that Plaintiffs' Amended Motion for Extension of Time to File Motion for Class Certification (Docket No. 140) is DENIED as moot.

SO ORDERED

Dated: February 13, 2007
       Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge