UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAVIER HERNANDEZ, et al.

                Plaintiffs,

v.                                           CLASS ACTION

MARIA GARCIA-BOTELLO, et al.

                                         Case No. 02-CV-0523(S)(Sr)

                Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS THE COUNTERCLAIM

Plaintiffs, by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submit the following Memorandum of Law in Support of Plaintiffs' Motion to Dismiss the Counterclaim filed by Defendants Anthony J. Piedimonte, Robert Vendetti, Robin Root, and James Broadwell (the "Counterclaim Defendants").

### I. PROCEDURAL HISTORY

The following summarizes the relevant procedural history as it relates to this motion. Plaintiffs filed this action on July 22, 2002. Plaintiffs filed a First Amended Complaint as a matter of right on August 2, 2002. On September 12, 2002, this Court stayed discovery pending resolution of the related criminal case against Defendants Maria Garcia-Botello, Elias Botello, Jose J. Garcia, Jose I. Garcia, and Rogelio Espinoza ("Contractor Defendants").[1] The stay in this

---

[1] Note that on July 17, 2003, the Clerk of this Court entered a default as to Contractor Defendants Jose I. Garcia and Rogelio Espinoza.

civil action was then lifted on June 2, 2005 – 628 days after it took effect. Plaintiffs filed their Second Amended Complaint on October 27, 2006,[2] asserting claims against the Contractor Defendants and the "Grower Defendants."[3]

On February 2, 2007, the Court issued an Amended Case Management Order, ordering all Defendants to file their Answers by February 19, 2007. On February 20, 2007, the Counterclaim filed their Answer and First Counterclaim, seeking sanctions under Rule 11 against Plaintiffs and their counsel.

None of the other Contractor Defendants or Grower Defendants have filed any similar counterclaim or motion in this case.

## II. ARGUMENT

As detailed below, since Rule 11 does not provide a recognized cause of action <u>and</u> because Counterclaim Defendants have failed to comply with the procedural requirements of

---

[2] Pursuant to the Second Amended Complaint, Plaintiffs assert claims under (1) the Fair Labor Standards Act (Count I), (2) the Migrant and Seasonal Agricultural Worker Protection Act (Count II), (3) the Racketeer Influenced Corrupt Organizations Act (Counts III and IV), (4) the 13th Amendment (Count V), (5) the Alien Tort Claims Act (Count VI), (6) New York state contract law (Count VII), (7) New York State Labor Law (Counts VIII and IX), (8) Fraud (Count X), (9) False Imprisonment (Count XI), (10) Intentional Infliction of Emotional Distress (Count XII), and (11) Assault (Count XIII).

[3] The Grower Defendants include Anthony Piedimonte, Howard Produce Sales, Inc. and Stephen Howard (collectively "Howard"), Patsy Vignieri & Sons, Inc. and Philip Vignieri (collectively "Vignieri"), David Piedmonte, DelMar Farms, Inc. and Rodney Winkstern (collectively "Winkstern"), Ronald E. Weiler, d/b/a Ronclare Farms and Ronald E. Weiler (collectively "Weiler"), Bruce Kirby, Francis Domoy, James Kirby, Robert Vendetti, Penna's Farms, Nicholas Penna, Marky's & Son's, Inc., John J. Kasmer Farm, LLC, Roots Brothers Farms, Norman Farms, Jim Norman, Carolyn Norman, Hearnes Produce, John Hearnes, Elizabeth Hearnes, Saffold Farms, Bill Saffold, Jim Bradwell, Pickle Bob, Taylor, Gustavo, and Rodney & Sue.

Rule 11, Plaintiffs now move this Court to dismiss the Counterclaim Defendants's Rule 11 Counterclaim.

### A.     Rule 11 Does Not Provide A Recognized Cause of Action

Federal Rule of Civil Procedure 11(c) gives a court discretion to "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." It does not provide an independent cause of action, rather, "Rule 11 is a procedural tool that under the Rules Enabling Act can not 'abridge, enlarge or modify any substantive right.'" Cohen v. Lupo, 927 F.2d 363, 365 (8th Cir. 1991) (internal citations omitted). *See also* Handeen v. Lemaire, 112 F.3d 1339, 1345 (8th Cir. 1997) (affirming lower court's grant of summary judgment on a theory of recovery grounded in Rule 11, because "there can be no independent cause of action instituted for Rule 11 sanctions"). As a rule of procedure, Rule 11 "is no more a 'law' under which a cause of action may arise than are its companion rules . . . the rule's primary purpose is to discourage groundless proceedings *rather than to compensate wronged parties by means of affirmative relief.*" Port Drum Co. v. Umphrey, 852 F.2d 148, 150 (5th Cir. 1988). Because Rule 11 does not provide an independent cause of action, the Counterclaim Defendants' counterclaim fails to state a claim upon which relief can be granted and it must be dismissed.

### B.     Counterclaim Defendants Have Failed to Comply with the Procedural Requirements of Rule 11

Even if Rule 11 provided an independent cause of action (and it does not), the Counterclaim Defendants' counterclaim for sanctions under Rule 11 must be dismissed because

-3-

the Counterclaim Defendants have failed to comply with a single procedural requirement of Rule 11. Not only did they fail to file their motion for sanctions separately from other motions and pleadings, but they also failed to comply with Rule 11's "safe harbor" provisions, requiring that they serve Plaintiffs with the motion 21 days prior to filing it with the Court. Compliance with the procedural requirements of Rule 11 is so important that the Second Circuit has held that a "district court's awarding of sanctions against [defendant] in contravention of the explicit procedural requirements of Rule 11 was . . . an abuse of discretion." Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 142 (2d Cir. 2002). Therefore, the only appropriate course of action is to dismiss Counterclaim Defendants' counterclaim as procedurally deficient.

> **1.   Counterclaim Defendants Did Not Comply with Rule 11's Requirement That All Rule 11 Motions Must Be Made Separately from Other Motions, Therefore Their Counterclaims Are Procedurally Barred**

Federal Rule of Civil Procedure 11(c)(1)(A) states that "[a] motion for sanctions under this rule shall be made separately from other motions." The Advisory Committee Notes make the plain meaning of this provision even more clear by explaining that "requests for sanctions must be made as a separate motion, *i.e.*, *not simply included as an additional prayer for relief contained in another motion.*" (emphasis added). Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. P. 11.

The Counterclaim Defendants did not comply with this procedural requirement. They did not file their motion for sanctions as an independent motion, but instead filed it as a counterclaim in their Answers. Courts have consistently refused to award sanctions based on failure to comply

-4-

with the procedures outlined in Rule 11(c)(1)(A). In <u>Scott v. Real Estate Finance Group</u>, defendants were "not entitled" to sanctions when they included a motion for sanctions in their summary judgment motion. The court held that "defendants have failed to comply with subsection (c)(1)(A) requiring that a motion for Rule 11 sanctions be made separate and apart from other motions. Therefore sanctions are precluded in this case." 956 F.Supp. 375, 386 (E.D.N.Y. 1997) (*rev'd in part on other grounds,*, 183 F.3d 97 (2d. Cir. 1999)). *See also,* <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1328-29 (2d. Cir. 1995) (reversing district court's sanctioning of plaintiff for, among other things, failure to "submit the sanction request separately from all other requests"); <u>Carruthers v. Flaum</u>, 388 F.Supp.2d 360, 381 (S.D.N.Y. 2005) (defendant's motion for sanctions, included at the end of a memorandum of law, denied due to procedural defects); <u>Lipiro v. Remee Products</u>, 75 F.Supp.2d 174, 177 (S.D.N.Y. 1997) (denying sanctions for failure to comply with Rule 11's procedural requirements and citing cases); <u>Collins v. Morsillo</u>, 1994 WL 542204 at * 3 (N.D.N.Y., Sept. 19, 1994) (denying motion for sanctions where defendants "simply added their motion for sanctions to their other motions . . .").

2. **Counterclaim Defendants Did Not Comply with the "Safe Harbor" Provisions of Rule 11, Rendering Their Counterclaims Procedurally Barred**

The Counterclaim Defendants never served Plaintiffs with a Rule 11 motion. They filed their First Counterclaim for Rule 11 Sanctions as part of their Answer, on February 20, 2007.

Rule 11's "safe harbor" provision "requires *initial service of the motion* but delays filing or presentation of the motion to the court for 21 days; filing of the motion is permitted 21 days

*after service* only if the challenged submission is not 'withdrawn or appropriately corrected.'" In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d. Cir. 2003) (quoting Rule 11(c)(1)(A)) (emphasis added). "Failure to comply with the procedural requirements of Rule 11 is fatal to a motion for sanctions." Curto v. Smith, 248 F.Supp.2d 132, 142 (N.D.N.Y. 2003). Since Counterclaim Defendants never served Plaintiffs with a Rule 11 motion, in clear violation of Rule 11's provisions, their counterclaim should be dismissed.

## CONCLUSION

For the reasons set forth above, Counterclaim Defendants' counterclaim fails to state a cause of action and should be dismissed.

Dated: March 12, 2007

Respectfully Submitted,

*[signature]*

Angela R. Vicari
avicari@kayescholer.com
KAYE SCHOLER LLP
425 Park Ave.
New York, NY 10022-3598
(212) 836-7408
Fax: (212) 836-6495

Shefali M. Kothari
skothari@kayescholer.com
KAYE SCHOLER LLP
425 Park Ave.

New York, NY 10022-3598
(212) 836-7769
Fax: (212) 836-6300

John J.P. Howley
JHowley@kayescholer.com
KAYE SCHOLER LLP
425 Park Ave.
New York, NY 10022-3598
(212) 836-8311
Fax: (212) 836-6611

Daniel Werner
dwerner@wnylc.com
WORKERS' RIGHTS LAW CENTER OF
NEW YORK, INC.
101 Hurley Ave., Suite 5
Kingston, NY 12401
(845) 331-6615
Fax: (845) 331-6617

Anita Butera
abutera@wnylc.com
Erin F. Casey
ecasey@wnylc.com
FARMWORKER LEGAL SERVICES OF
NEW YORK, INC.
1187 Culver Rd.
Rochester, NY 14609
(585) 325-3050
Fax: (585) 325-7614