UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAVIER HERNANDEZ, HECTOR HERNANDEZ, MIGUEL
PEREZ, SERGIO ROSALES CUELLO, JUVENTINO CAZUELA,
JUAN ANTONIO GARCIA, JONAS GERONIMO DOMINGUEZ,
LAZARO PEREZ RODRIGUEZ, BALDEMAR CACHO VELEZ,
MARCOS CACHO VELAZ, DANIEL VICTORIA LEON, AND
AGUSTIN SAN JUAN, ON BEHALF OF THEMSELVES, AND
ALL OTHER SIMILARLY SITUATED PERSONS,

          PLAINTIFFS,

v.

MARIA GARCIA-BOTELLO (A.K.A. "CHABELA"), ELIAS
BOTELLO, JOSE J. GARCIA (A.K.A. "JJ"), JOSE L.
GARCIA, ROGELIO ESPINOZA, ANTHONY PIEDIMONTE,
BRUCE KIRBY, DAVID PIEDIMONTE, RODNEY
WINKSTERN, DEL MAR FARMS, INC., FRANCIS
DOMOY, STEPHEN HOWARD, HOWARD PRODUCE
SALES, INC., JAMES KIRBY, PHILLIP VIGNERI, PATSY
VIGNERI & SONS, INC., RONALD E. WEILER, D/B/A
RONCLAR FARMS, ROBERT VENDETTI, PENNA'S
FARMS, NICHOLAS PENNA, MARKY'S & SONS, INC.,
JOHN J. KASMER FARM, JIM NORMAN, CAROLYN
NORMAN, HEARNES PRODUCE, JOHN HEARNES,
ELIZABETH HEARNES, SAFFOLD FARMS, BILL
SAFFOLD, JIM BRADWELL, PICKLE BOB, TAYLOR,
GUSTAVO, AND RODNEY & SUE,

          DEFENDANTS.

CLASS ACTION

CIVIL ACTION
No. 02-CV-0523(S)(Sr)

**GROWER DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO GROWER DEFENDANTS'**

Pursuant to Rules 26 & 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the Western District of New York, Defendants Anthony Piedimonte, Robert Vendetti, Root Brothers Farms and James Broadwell ("Grower Defendants"), respond to Plaintiffs' First Set of Interrogatories to Grower Defendants as follows:

## GENERAL OBJECTIONS

The Grower Defendants state the following for its general objections to Plaintiffs' First Set of Interrogatories to Grower Defendants:

1. The Grower Defendants object to Plaintiffs' First Set of Interrogatories to Grower Defendants to the extent they seek information protected against disclosure by the attorney-client privilege, the work-product privilege, or any other rule of privilege or confidentiality provided by law.

2. By providing responses to Plaintiffs' First Set of Interrogatories to Grower Defendants, the Grower Defendants do not concede that the information requested is relevant to this action. The Grower Defendants expressly reserve the right to object to further discovery into the subject matter of any information provided and to the introduction of such information into evidence.

3. The Grower Defendants' responses to Plaintiffs' First Set of Interrogatories to Grower Defendants are based on Defendants' best recollection of facts in question and represent a good faith effort to ascertain responsive information to the extent such information is reasonably available. The Grower Defendants reserve their right to supplement their responses if and to the extent that additional information becomes available.

4. The Grower Defendants object to any interrogatories that seek information beyond the time frame alleged in the complaint of 2001.

5. The plaintiffs lack standing to assert these claims and hence, there is no obligation to respond to these inquiries as a matter of law.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving its General Objections stated above, the Grower

Defendants respond specifically to Plaintiffs' First Set of Interrogatories to Grower Defendants as follows:

**INTERROGATORY NO. 1:**

Identify each Contractor you hired, retained or contracted with and the time period during which you did so (within the relevant time period).

**RESPONSE:** Neither Broadwell, Vendetti nor Root Brothers employed any farm labor contractors relating to the plaintiffs at any time pertinent to this complaint. Piedimonte disclosed that information in a prior disclosure to the plaintiffs in this case and plaintiffs are referred, pursuant to Fed. R. Civ. P. 33(d), to the farm labor contractor certificates previously produced.

**INTERROGATORY NO. 2:**

Identify each Plaintiff whose labor you used during the relevant time period including without limitation, and in addition to the information required under the definition of "identify" with respect to a person, their social security number(s) and alien registration number(s), any nickname(s) or alias(es) they used or were assigned, and whether the identification information you provide with respect to each Plaintiff was obtained from the Plaintiff or whether it was obtained, determined or created by other means.

**RESPONSE:** None of the plaintiffs worked for Root Brothers, Vendetti or Broadwell at any time pertinent to this complaint. Defendant Piedimonte employed four of the named plaintiffs and the information related to their employment is contained in the disclosure previously made to the plaintiffs.

**INTERROGATORY NO.3:**

Identify the frequency and method of payment (i.e., cash, check, money order, or other

3

means) by which you made any payment to any Plaintiff during the relevant time period, including without limitation whether payment was given directly to each plaintiff or whether it was transmitted through the Contractor Defendants or another person or entity.

**RESPONSE:** None of the plaintiffs worked for Root Brothers, Vendetti or Broadwell at any time pertinent to this complaint. Defendant Piedimonte paid four of the plaintiffs by check and payroll processing during 2001 but can not recall whether the payment was made directly to the worker or conveyed through a contractor defendant.

### INTERROGATORY NO. 4:

Identify each person with knowledge or information concerning your financial and payroll activities or records during the relevant time period, including without limitation any bookkeepers, accountants, consultants or employees or independent contractors who prepared or maintained any related records or other documents.

**RESPONSE:** None of the plaintiffs worked for Root Brothers, Vendetti or Broadwell at any time pertinent to this complaint. With respect to the defendant Piedimonte, plaintiffs are referred to the prior disclosure of information responding to this inquiry which contains the response to this inquiry.

### INTERROGATORY NO. 5:

Identify each person with knowledge or information concerning the timekeeping methods and related practices of each of the Grower Defendants during the relevant time period.

**RESPONSE:** None of the plaintiffs worked for Root Brothers, Vendetti or Broadwell at any time pertinent to this complaint. With respect to the defendant Piedimonte, plaintiffs are referred to the prior disclosure of information responding to this inquiry.

4

**INTERROGATORY NO. 6:**

Identify each person (who is not a Plaintiff) each Grower Defendant employed whose work was related in any way to any Plaintiff's recruitment or employment during the relevant time period, including without limitation any supervisor, foreman, guard, and watchman.

**RESPONSE:** None of the plaintiffs worked for Root Brothers, Vendetti or Broadwell at any time pertinent to this complaint. No one was employed by Piedimonte to provide the services described as these services were performed by the contractor defendants.

**INTERROGATORY NO. 7:**

Identify each business entity that any Grower Defendant owns, operates and/or manages, alone or in conjunction with any other individual or business entity in the United States or abroad.

**RESPONSE:** Defendants object to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, irrelevant, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. None of the requested information relates in any way to a claim or defense in this matter and is therefore beyond the scope of discovery. This information constitutes confidential business information and its disclosure would serve only to annoy, harass, embarrass, or oppress the Defendants.

**INTERROGATORY NO.8:**

Identify each person with knowledge or information concerning the assignment, supervision, oversight, inspection, recording or reviewing of any work performed by any Plaintiff during the relevant time period.

**RESPONSE:** *See* answer to Number 6 above.

**INTERROGATORY NO. 9:**

Identify each bank account of any kind held by any Grower Defendant, including without limitation the name and contact information of the bank at which it is held, the bank account number, and the date each such bank account was opened and/or closed.

**RESPONSE:** Defendants object to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, irrelevant, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. None of the requested information relates in any way to a claim or defense in this matter and is therefore beyond the scope of discovery. This information constitutes confidential business information and its disclosure would serve only to annoy, harass, embarrass, or oppress the Defendants.

**INTERROGATORY NO. 10:**

Identify each person with knowledge or information concerning any Grower Defendant's document retention, maintenance or destruction policies, procedures or practices during the relevant time period.

**RESPONSE:** *See* Number 9 above.

**INTERROGATORY NO. 11:**

Identify each person with knowledge or information regarding the allegations in the Second Amended Complaint and/or the allegations and/or defenses in Defendants' Answers and Counterclaims, and for each such person identify the general subject matter of his or her knowledge or information.

**RESPONSE:** The persons with knowledge of the factual basis for the answers and counterclaims include Anthony J. Piedimonte, James Broadwell, Robin Root and Robert Vendetti.

**INTERROGATORY NO. 12:**

Identify the type of crops that were grown, cultivated, and harvested on your farm, ranch, processing establishment, cannery, gin, packing shed or nursery, within the relevant time period. For each crop, indicate the time period during which that crop was grown, cultivated, and harvested.

**RESPONSE:**    This query is not relevant or material to any issue in this litigation.

DATED:    April 26, 2007
          Rochester, New York

**UNDERBERG & KESSLER LLP**

/s/ Richard A. Dollinger
Richard A. Dollinger, Esq.
Attorneys for Grower Defendants
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2818

TO:   Daniel Werner, Esq.
      Attorney for the Plaintiffs
      Workers Rights Law Center of New York, Inc.
      101 Hurley Avenue, Suite 5
      Kingston, New York 12401

      Anita Butera, Esq.
      FARMWORKER LEGAL SERVICES OF
         NEW YORK, INC.
      Attorneys for Plaintiffs
      80 St. Paul Street, Suite 620
      Rochester, New York 14604

      Monte B. Lake, Esq.
      Natalie Brouwer, Esq.
      MCGUINESS, NORRIS & WILLIAMS, LLP
      1015 Fifteenth Street, N.W., Suite 1200
      Washington, D.C. 20005