-UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAVIER HERNANDEZ, *et al.*

                            **Plaintiffs,**

           **v.**

MARIA GARCIA BOTELLO, *et al.*
                        **Defendants.**

**CLASS ACTION**

**Case No. 02 Civ. 0523
(S)(Sr)**

## PLAINTIFFS' OPPOSITION TO THE UNDISPUTED FACTUAL SUMMARY OF THE UNDERBERG & KESSLER DEFENDANTS

Plaintiffs submit the following Opposition to the Undisputed Factual Summary of the Underberg & Kessler Defendants.

As an initial matter, Defendants' Rule 56.1 Statement is grossly deficient. Each assertion in the Rule 56.1 Statement "must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)." Local Rule 56.1(d). The Second Circuit has held that "where there are no citations or where the cited materials do not support the factual assertions in the [Rule 56.1] Statements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001). Indeed, unsupported assertions "*should be* disregarded and the record reviewed independently." *Id.* at 74 (emphasis added). Furthermore, Local Rule 56.1(d) requires all authority to be "separately filed and served as an appendix" to Rule 56.1 Statements. Local Rule 56.1(d).

Many statements in the Factual Summary of the Underberg & Kessler Defendants are not supported by citations to any admissible evidence. Furthermore, Defendants make reference to documents that have been "previously filed with this Court in the criminal case and were

31589982.WPD

previously mentioned in motions to the Court" without attaching them to an Appendix.

Undisputed Factual Summary of the Underberg & Kessler Defendants ¶ 12.   Accordingly,

Defendants have not complied with Federal Rule 56(e) and Local Rule 56.1(d), and the

unsupported factual assertions in their Rule 56.1 Statement should be disregarded by this Court.

1.      Disputed.  Pursuant to Federal Rule 56(f), Plaintiffs should be able to cross-examine

Anthony J. Piedmonte, Robert Vendetti, Robin Root and James Broadwell regarding their

reliance on Ms. Garcia Botello's registration with the New York State Department of Labor.

2.      Disputed.  Plaintiffs do not dispute that the workers assisted in the harvesting of crops.

However, Plaintiffs performed other activities on the Defendants' farms as well, including

hoeing, weeding, stacking crates, etc.  Ex. 14, Garcia Botello Dep. 56:19-24; Ex. 20, Grand Jury

Testimony of Javier Hernandez 39:20-23.  Pursuant to Rule 56(f), Plaintiffs should be permitted

to depose the Grower Defendants as to each of their individual relationships with Maria Garcia,

and payroll practices.

3.      Disputed.  Defendants support the facts in this paragraph only with statements from the

Affidavits of Anthony J. Piedimonte, Robert Vendetti, Robin Root, and James Broadwell.

Furthermore, there is ample evidence of improper and inaccurate recordkeeping in this case (Ex.

17 at 10:14-16:23; Ex.18 at 83-84; Ex. 22), as well as statements made by the named Plaintiffs

that they are still owed unpaid wages.  H. Hernandez Dec. at ¶ 10; Cacho Velez Dec. at ¶ 8;

Garcia Dec. at ¶ 10; San Juan Dec. at ¶ 12.  Accordingly, Plaintiffs must have an opportunity to

cross-examine these individuals on these assertions and pursuant to Federal Rule 56(f), Plaintiffs

should be permitted to take discovery on these issues.

4.      Undisputed.

5.      Undisputed.

6.       Disputed.  Plaintiffs dispute the statements in paragraph six as they are not supported by any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard this assertion.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

7.      Disputed.  Pursuant to Rule 56(f), Plaintiffs should be permitted to cross-examine Anthony J. Piedimonte regarding his involvement in the criminal prosecution of the Contractor Defendants.

8.      Undisputed.

9.      Disputed.  Plaintiffs dispute the statements in paragraph nine as they are not supported by a citation to any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

10.     Disputed.   Plaintiffs dispute the statements in paragraph 10 and all of its subparagraphs, as they are not supported by a citation to any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Paragraph 10 and its subparts also reference documents that are not included in an Appendix to the 56.1 Statement.  Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Specifically, Defendants cite no evidence demonstrating that the Department of Justice "sought victim impact statements from every known or identifiable victim" of the Contractor Defendants' conduct.  Nor do the Defendants cite any evidence supporting their contention that the Probation Department or the Department of Justice considered the individuals listed in subparagraphs (a)(e) to be the "only" victims of the Contractor Defendants' conduct.  Indeed, Agustin San Juan, a named

Plaintiff in this action who was not part of the criminal action against the Contractor Defendants, is still owed wages for work he performed for the Grower Defendants while he was on the Contractor Defendants' crews.  Dec. of Agustin San Juan, ¶ 3, 4, 12.

11.     Disputed.  Plaintiffs dispute the statement in paragraph 11 for the same reasons they dispute the statements in paragraph 10.  This statement is not followed by a citation to any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

12.     Disputed. Plaintiffs dispute the statements in paragraph 12 for the same reasons they dispute the statements in paragraphs 10 and 11.  This statement is not followed by a citation to any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

13.     Disputed.  Plaintiffs dispute the statements in paragraph 13 for the same reasons they dispute the statements in paragraphs 10, 11 and 12.  These statements are not followed by a citation to any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

14.     Disputed.  On June 2, 2005, Magistrate Judge Schroeder lifted the 628-day stay of discovery in this case and ordered Plaintiffs to provide "sufficient information establishing the identities of the named plaintiffs."  Dkt. No. 74.  Magistrate Judge Schroder did not "require plaintiffs to divulge the names of all potential plaintiffs with whom the plaintiff's counsel had

contact" as erroneously stated in paragraph 14.  Furthermore, nowhere in the letter attached as Exhibit D does the term "known plaintiffs" appear.  The Court should disregard paragraph 14 because it contains patently false "facts" and fabricated "quotes."

15.     Undisputed.   Plaintiffs note that Daniel Victoria Leon and Agustin San Juan were not added as Plaintiffs in this action until September 29, 2006.  Dkt. No. 107.

16.     Disputed.  Plaintiffs dispute the statements in paragraph 16 as they are not supported by a citation to any evidence as required by Federal Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Moreover, the unsupported assertions in this paragraph are patently contradicted by the Declaration of Agustin San Juan.  Mr. San Juan worked for the Contractor Defendants at various times between 1996 and 2001 and for Anthony Piedimonte, Bruce Kirby, Philip Vigneri, Patsy Vignieri & Sons, Inc., Stephen Howard, Howard Produce Salesm Inc., David Piedmont, and Robert Vendetti, as well as other growers whose names he does not know. San Juan Dec. ¶ 3, 4.

17.     Disputed.  Plaintiffs dispute the statements in paragraph 17 as they are not supported by a citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d). Accordingly, this Court should disregard these assertions.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Furthermore, Defendants mischaracterize the allegations in the Second Amended Complaint.  The Second Amended complaint does not allege that "Agustin San Juan worked for western New York farmers in 1999."  Rather, Plaintiffs specifically allege that Mr. San Juan worked for Anthony Piedimonte in June 1996 and May-November 2001 (Ex. 1 at ¶ 133, 137), Bruce Kirby in 1996 and May-November 2001 (Ex. 1 at ¶ 134, 137), Philip Vigneri

and Patsy Vigneri & Sons in 1996 (Ex. 1 at ¶ 134), and Stephen Howard, Howard Produce Sales, Inc., and Robert Vendetti in 1999 (Ex. 1 at ¶ 135).  These allegations are fully supported by paragraph four of Mr. San Juan's Declaration in which he states, "I believe the growers for whom I worked while I was on the Contractor Defendants' crews included Anthony Piedimonte, Bruce Kirby, Philip Vigneri, Patsy Vignieri & Sons, Inc., Stephen Howard, Howard Produce Salesm Inc., David Piedmont, and Robert Vendetti.  I believe that I also worked for other growers whose names I do not know."  San Juan Dec. ¶ 4.  The Complaint alleges, and his affidavit supports, that Mr. San Juan is still owed money for work performed between 1996 and 2001.  Ex. 1 at ¶¶ 136, 138; San Juan Dec. ¶ 12.  The joint employment relationship between the Grower Defendants and the Contractor Defendants, if proven, renders these defendants liable for the wages owed to Mr. San Juan.   Although the record already contains strong evidence of this joint employment relationship, pursuant to Rule 56(f), Plaintiffs should be permitted to conduct discovery against the Grower Defendants to further support their joint employment claims.  *See, e.g.*, Ex.14, Garcia Botello Dep. at 56:15-57:4, 61:16-64:7, 79:4-80:9, 82:12-83:5, 86:1-86:21, 88:18-88:23, 110:13-14, 110:19-111:4, 112:18-113:12, 208:4-9; Ex. 15, J.J. Garcia Dep. at 34:21-36:2, 46:3-47:10, 48:25-49:14, 86:25-87:9, 90:19-24, 94:11-15, 109:6-24, 110:19-111:10; Exs. 23-26; Dec. of Rodney Winkstern; ¶ 8, Dec. of James Kirby; ¶ 8, Dec. of Francis Domoy; ¶ 7, Dec. of Bruce Kirby, ¶ 7; Dec.of David Piedmonte,  ¶ 8; Dec.of Stephen Howard Jr.,  ¶ 7; Dec.of Philip Vigneri,  ¶ 7; Aff. of Anthony J. Piedimonte,  ¶ 15; Aff. of James Broadwell, ¶ 12; Aff. of Robin Roots, ¶ 12; Aff. of Robert Vendetti, ¶ 12; H. Hernandez Dec., ¶ 3; Garcia Dec., ¶ 3; San Juan Dec., ¶ 3.

18.      Disputed.  Plaintiffs dispute Defendants' characterization of the statements in Mr. San Juan's Declaration and vigorously deny that Mr. San Juan or plaintiffs' counsel made any attempts to obscure the times when Mr. San Juan was not properly paid.  Plaintiffs note that Defendants have never served discovery requests on Mr. San Juan, nor have they ever sought to depose Mr. San Juan, or any other named Plaintiff, regarding the substance of their Declarations or the allegations in the Second Amended Complaint.  Vicari Dec., ¶ 54.  Furthermore, the evidence cited by Defendants does not support the fabricated conclusions of the Defendants in this paragraph.  Accordingly, the Court should disregard the assertions in this paragraph. Federal Rule 56(e); Local Rule 56.1(d); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

19.      Disputed.  Defendants' citation to the Second Amended Complaint is not admissible evidence in support of a summary judgment motion.  Accordingly, the first two sentences of paragraph 19 should be disregarded in their entirety.  Federal Rule 56(e); Local Rule 56.1(d); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).   Furthermore, given the evidence of improper recordkeeping in this case (Ex. 17 at 10:14-16:23; Ex.18 at 83-84; Ex. 22), including evidence pertaining to Anthony Piedimonte in particular, *Id.* at 12:14-13:16, Plaintiffs dispute any conclusion that Mr. Piedimonte actually "paid" the individuals whose names appear in his payroll records.  Additionally, Pursuant to Rule 56(f), Plaintiffs should be permitted to conduct discovery against the Grower Defendants to further support their joint employment claims, which, if proven, will impose liability on the joint employer Grower Defendants.

20.      Disputed.  Plaintiffs dispute the unsupported conclusions in paragraph 20 as they are not followed by a citation to any admissible evidence as required by Federal Rule 56(e) and Local

Rule 56.1(d).  Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v.*

*Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

21.     Disputed.  Plaintiffs dispute the statements in paragraph 21 as they are not followed by a

citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d).

Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller*

*& Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Furthermore, Defendants' reference to "facts

determined during the criminal investigation" is vague.  Also, Plaintiffs rely on a wide variety of

facts from numerous sources in support of their class claims against all of the Defendants in this

action. Plaintiffs' Motion for Class Certification and Opposition to Defendants' Motions for

Summary Judgment and Reply in Support of Plaintiffs' Motion for Class Certification are

supported by the testimony of government officials, documentary evidence provided to the

Plaintiffs by the Contractor Defendants, documents from the year 2001 produced by the Grower

Defendants to the Plaintiffs, Declarations of the named Plaintiffs, deposition testimony from Jose

J. Garcia, deposition testimony from Elias Botello, deposition testimony from Maria Garcia

Botello, the Grower Defendants' own responses to Plaintiffs' discovery requests, and other

records.  *See* Exs. 3-36.

22.     Disputed.  Plaintiffs dispute the statements in paragraph 22 as they are not followed by a

citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d).

Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller*

*& Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Nonetheless, Plaintiffs respond as follows: Agustin

San Juan asserts that he worked for Anthony Piedimonte, Bruce Kirby, Philip Vigneri, Patsy

Vignieri & Sons, Inc., Stephen Howard, Howard Produce Salesm Inc., David Piedmont, and

Robert Vendetti, as well as other growers whose names he does not know.  San Juan Dec. ¶ 4.

Baldemar Cacho Velez, Juan Antonio Garcia, and Hector Hernandez each worked for the

Contractor Defendants and Grower Defendants whom they cannot identify.  Cacho Velez Dec.

¶¶ 3-4; H. Hernandez Dec. ¶¶ 3-4; Garcia Dec. ¶¶  3-4.  Plaintiffs allege that the Grower

Defendants and the Contractor Defendants are joint employers and therefore are jointly liable to

the Plaintiffs.  There is ample evidence in the record supporting this claim of joint employment,

even at this stage of discovery and, pursuant to Federal Rule 56(f), plaintiffs should be permitted

to take full discovery on this issue.  *See, e.g.*, Ex.14, Garcia Botello Dep. at 56:15-57:4, 61:16-

64:7, 79:4-80:9, 82:12-83:5, 86:1-86:21, 88:18-88:23, 110:13-14, 110:19-111:4, 112:18-113:12,

208:4-9; Ex. 15, J.J. Garcia Dep. at 34:21-36:2, 46:3-47:10, 48:25-49:14, 86:25-87:9, 90:19-24,

94:11-15, 109:6-24, 110:19-111:10; Exs. 23-26; Dec. of Rodney Winkstern; ¶ 8, Dec. of James

Kirby; ¶ 8, Dec. of Francis Domoy; ¶ 7, Dec. of Bruce Kirby, ¶ 7; Dec.of David Piedmonte,  ¶ 8;

Dec. of Stephen Howard Jr.,  ¶ 7; Dec.of Philip Vigneri,  ¶ 7; Aff. of Anthony J. Piedimonte,  ¶

15; Aff. of James Broadwell, ¶ 12; Aff. of Robin Roots, ¶ 12; Aff. of Robert Vendetti, ¶ 12; H.

Hernandez Dec., ¶ 3; Garcia Dec., ¶ 3; San Juan Dec., ¶ 3.

23.      Disputed.  Plaintiffs dispute the statements in paragraph 23 as they are not followed by a

citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d).

Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller

& Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Nonetheless, Plaintiffs respond as follows: Agustin

San Juan claims that he worked for Anthony Piedimonte, Bruce Kirby, Philip Vigneri, Patsy

Vignieri & Sons, Inc., Stephen Howard, Howard Produce Salesm Inc., David Piedmont, and

Robert Vendetti, as well as other growers whose names he does not know. San Juan Dec. ¶ 4.

Baldemar Cacho Velez, Juan Antonio Garcia, and Hector Hernandez each worked for the Contractor Defendants and Grower Defendants whom they cannot identify.  Cacho Velez Dec. ¶¶ 3-4; H. Hernandez Dec. ¶¶ 3-4; Garcia Dec.3-4.  Plaintiffs allege that the Grower Defendants and the Contractor Defendants are joint employers and therefore are jointly liable to the Plaintiffs.  There is ample evidence in the record supporting this claim of joint employment, even at this stage of discovery, which would make the Grower Defendants and the Contractor Defendants jointly liable on Plaintiffs' FLSA, AWPA and New York Labor Law claims.  *See, e.g.*, Ex.14, Garcia Botello Dep. at 56:15-57:4, 61:16-64:7, 79:4-80:9, 82:12-83:5, 86:1-86:21, 88:18-88:23, 110:13-14, 110:19-111:4, 112:18-113:12, 208:4-9; Ex. 15, J.J. Garcia Dep. at 34:21-36:2, 46:3-47:10, 48:25-49:14, 86:25-87:9, 90:19-24, 94:11-15, 109:6-24, 110:19-111:10; Exs. 23-26; Dec. of Rodney Winkstern; ¶ 8, Dec. of James Kirby; ¶ 8, Dec. of Francis Domoy; ¶ 7, Dec. of Bruce Kirby, ¶ 7; Dec.of David Piedmonte,  ¶ 8; Dec. of Stephen Howard Jr.,  ¶ 7; Dec.of Philip Vigneri,  ¶ 7; Aff. of Anthony J. Piedimonte,  ¶ 15; Aff. of James Broadwell, ¶ 12; Aff. of Robin Roots, ¶ 12; Aff. of Robert Vendetti, ¶ 12; H. Hernandez Dec., ¶ 3; Garcia Dec., ¶ 3; San Juan Dec., ¶ 3.

24.     Undisputed.

25.     Disputed.  Plaintiffs dispute the statements in paragraph 25 as they are not followed by a citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d).  Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  It is undisputed that none of the Underberg & Kessler Defendants are named as Defendants with respect to in the housing-related claims under the

Migrant and Seasonal Agricultural Worker Protection Act.  Ex. 1, Second Amended Complaint at ¶ 206.

26.      Disputed.  In all of the Declarations submitted in support of the Motion for Class Certification, Plaintiffs state that they are still owed wages for work performed.  H. Hernandez Dec. at ¶ 10; Cacho Velez Dec. at ¶ 8; Garcia Dec. at ¶ 10; San Juan Dec. at ¶ 12.  Plaintiffs allege that the Grower Defendants and the Contractor Defendants are joint employers and therefore are jointly liable to the Plaintiffs.  There is ample evidence in the record supporting joint employment, even at this early stage of discovery, which would make the Grower Defendants and the Contractor Defendants jointly liable on Plaintiffs' FLSA, AWPA and New York Labor Law claims.  *See, e.g.*, Ex.14, Garcia Botello Dep. at 56:15-57:4, 61:16-64:7, 79:4-80:9, 82:12-83:5, 86:1-86:21, 88:18-88:23, 110:13-14, 110:19-111:4, 112:18-113:12, 208:4-9; Ex. 15, J.J. Garcia Dep. at 34:21-36:2, 46:3-47:10, 48:25-49:14, 86:25-87:9, 90:19-24, 94:11-15, 109:6-24, 110:19-111:10; Exs. 23-26; Dec. of Rodney Winkstern; ¶ 8, Dec. of James Kirby; ¶ 8, Dec. of Francis Domoy; ¶ 7, Dec. of Bruce Kirby, ¶ 7; Dec.of David Piedmonte,  ¶ 8; Dec. of Stephen Howard Jr.,  ¶ 7; Dec.of Philip Vigneri,  ¶ 7; Aff. of Anthony J. Piedimonte,  ¶ 15; Aff. of James Broadwell, ¶ 12; Aff. of Robin Roots, ¶ 12; Aff. of Robert Vendetti, ¶ 12; H. Hernandez Dec., ¶ 3; Garcia Dec., ¶ 3; San Juan Dec., ¶ 3.  Pursuant to Rule 56(f), Plaintiffs should be permitted to conduct additional discovery on this issue.

27.      Disputed.  In all of the Declarations submitted in support of the Motion for Class Certification, Plaintiffs state that they are still owed wages for work performed.  Declaration of Hector Hernandez at ¶ 10; Declaration of Baldemar Cacho Velez at ¶ 8; Declaration of Juan Antonio Garcia Ambrosio at ¶ 10; Declaration of Agustin San Juan at ¶ 12.  Plaintiffs have

provided documentary evidence in support their joint employment claims.  *See, e.g.*, Ex.14, Garcia Botello Dep. at 56:15-57:4, 61:16-64:7, 79:4-80:9, 82:12-83:5, 86:1-86:21, 88:18-88:23, 110:13-14, 110:19-111:4, 112:18-113:12, 208:4-9; Ex. 15, J.J. Garcia Dep. at 34:21-36:2, 46:3-47:10, 48:25-49:14, 86:25-87:9, 90:19-24, 94:11-15, 109:6-24, 110:19-111:10; Exs. 23-26; Dec. of Rodney Winkstern; ¶ 8, Dec. of James Kirby; ¶ 8, Dec. of Francis Domoy; ¶ 7, Dec. of Bruce Kirby, ¶ 7; Dec.of David Piedmonte,  ¶ 8; Dec. of Stephen Howard Jr.,  ¶ 7; Dec.of Philip Vigneri,  ¶ 7; Aff. of Anthony J. Piedimonte,  ¶ 15; Aff. of James Broadwell, ¶ 12; Aff. of Robin Roots, ¶ 12; Aff. of Robert Vendetti, ¶ 12; H. Hernandez Dec., ¶ 3; Garcia Dec., ¶ 3; San Juan Dec., ¶ 3.  Pursuant to Rule 56(f), Plaintiffs should be permitted to conduct additional discovery on this issue.  If this Court finds the Grower Defendants and Contractor Defendants to be joint employers, then they are both jointly and severally liable to the Plaintiffs and the putative class members.

28.     Disputed.  The Plea Agreement of Marcia Garcia Botello indicates that it was Maria Garcia Botello, and not the individual workers, who cashed the workers' paychecks and that she deducted sums from the workers' pay.  Ex. 3 at 4.   Elias Botello's Plea Agreement states that Maria Garcia Botello "cashed the checks, and kept them in debt by charging workers for their transportation, housing, and other fees, which debts were collected through weekly deductions in the workers' pay, thus keeping them in debt, in order to control and exploit these workers."  Ex. 4 at 4.  In other words, even if the farmers issued checks for the minimum wage, the workers had their wages reduced illegally below the minimum wage.  Plaintiffs allege and have provided record evidence showing that the Grower Defendants and Contractor Defendants are joint employers.  *See, e.g.*, Ex.14, Garcia Botello Dep. at 56:15-57:4, 61:16-64:7, 79:4-80:9, 82:12-

83:5, 86:1-86:21, 88:18-88:23, 110:13-14, 110:19-111:4, 112:18-113:12, 208:4-9; Ex. 15, J.J.
Garcia Dep. at 34:21-36:2, 46:3-47:10, 48:25-49:14, 86:25-87:9, 90:19-24, 94:11-15, 109:6-24,
110:19-111:10; Exs. 23-26; Dec. of Rodney Winkstern; ¶ 8, Dec. of James Kirby; ¶ 8, Dec. of
Francis Domoy; ¶ 7, Dec. of Bruce Kirby, ¶ 7; Dec.of David Piedmonte,  ¶ 8; Dec. of Stephen
Howard Jr.,  ¶ 7; Dec.of Philip Vigneri,  ¶ 7; Aff. of Anthony J. Piedimonte,  ¶ 15; Aff. of James
Broadwell, ¶ 12; Aff. of Robin Roots, ¶ 12; Aff. of Robert Vendetti, ¶ 12; H. Hernandez Dec., ¶
3; Garcia Dec., ¶ 3; San Juan Dec., ¶ 3.  Under that doctrine, the Grower Defendants and
Contractor Defendants are jointly responsible for ensuring that workers are paid the minimum
wage.  *See, e.g., Antenor v. D & S Farms*, 88 F.3d 925 (11th Cir. 1996).  Furthermore, Plaintiffs
state, again, that Agustin San Juan claims injury over the entire class period 1996-2001.  San
Juan Dec. ¶ 3-13.

29.     Disputed.  In all of the Declarations submitted in support of the Motion for Class
Certification, Plaintiffs state that they are still owed wages for work performed.  H. Hernandez
Dec. at ¶ 10; Cacho Velez Dec. at ¶ 8; Declaration of Garcia Dec. at ¶ 10; San Juan Dec. at ¶ 12.
The joint employment relationship between the Grower Defendants and the Contractor
Defendants, if proven, renders these defendants liable for the wages owed to Mr. San Juan.
Although the record already contains strong evidence of this joint employment relationship,
pursuant to Rule 56(f), Plaintiffs should be permitted to conduct discovery against the Grower
Defendants to further support their joint employment claims.  *See, e.g.*, Exs. ___

30.     Disputed.  Plaintiffs dispute the statements in paragraph 30 as they are not followed by a
citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d).
Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller*

& Co., 258 F.3d 62, 73-74 (2d Cir. 2001).  Plaintiffs do not dispute that the term "RICO" does

not appear in the named Plaintiffs' Declarations.  Nor do Plaintiffs dispute that those

Declarations do not reference the names of the specific statutory violations alleged in the Second

Amended Complaint.  However, the  declarant named Plaintiffs are all familiar with the factual

basis of this lawsuit and want it to proceed as a class action.  H. Hernandez Dec. at ¶¶ 2, 12;

Cacho Velez Dec. at ¶¶ 2, 11; Declaration of Garcia Dec. at ¶¶ 2, 12; San Juan Dec. at ¶¶ 2, 15.

31.      Disputed.   Plaintiffs dispute the statements in paragraph 31 as they are not followed by a

citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d).

Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller*

*& Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Nonetheless, Plaintiffs do not dispute that the workers

assisted in the harvesting of crops. However, Plaintiffs performed other activities on the

Defendants' farms as well, including hoeing, weeding, stacking crates, etc.  Ex. 14, Garcia

Botello Dep. 56:19-24; Ex. 20, Grand Jury Testimony of Javier Hernandez 39:20-23.

32.      Disputed.  This case is not about delay.  This case was filed on the heels of the criminal

prosecution of the Contractor Defendants and was eventually stayed for 628 days pending

resolution of that matter.  After the stay was lifted, the parties engaged in unsuccessful court-

ordered settlement discussions and promptly began discovery.  Since then, Plaintiffs have

attempted to conduct written discovery and depose the Grower Defendants, an attempt that has

been met with stiff resistence and applications for relief from this Court.  Also, since the lifting

of the stay, Plaintiffs have conducted the depositions of three of the Contractor Defendants.

Vicari Dec. ¶¶ 10-47.

33.     Disputed.   Plaintiffs dispute the statements in paragraph 33 as they are not followed by a citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d). Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  There have been many significant developments in this case since the Plaintiffs filed their Motion for Leave to File a Motion for Class Certification on February 20, 2007 (Dkt. No. 158-159).  There was significant briefing on that motion.  If the Court had ruled in Defendants' favor, the potential liability of the Defendants would have been drastically altered.  (Dkt. Nos. 164-169, 170-173).  Furthermore, Plaintiffs have attempted to conduct written discovery and depose the Grower Defendants, an attempt that was met with stiff resistance and applications for relief from this Court.  Plaintiffs have deposed three of the Contractor Defendants.  Vicari Dec. ¶¶ 26-47.   This Court granted Plaintiffs' Motion for Leave to File a Motion for Class Certification on September 21, 2007 (Dkt. No. 198), which was promptly followed by the filing of Plaintiffs' Motion for Class Certification on October 26, 2007. (Dkt. Nos. 199-200).

34.     Disputed.  Plaintiffs dispute the statements in paragraph 34 as they are not followed by a citation to any admissible evidence as required by Rule 56(e) and Local Rule 56.1(d). Accordingly, this Court should disregard the statements in this paragraph.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).  Plaintiffs have conducted discovery since this court instructed Plaintiffs to file their Motion for Leave to File a Motion for Class Certification. Vicari Dec. ¶¶ 26-47.

Dated: New York, New York
      January 11, 2008

Respectfully submitted,

Angela R. Vicari
avicari@kayescholer.com
KAYE SCHOLER LLP
425 Park Ave.
New York, NY 10022-3598
(212) 836-7408
Fax: (212) 836-6495