UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAVIER H., et al.,

                                    **Plaintiffs,**                   02-CV-0523S(Sr)

v.

MARIA GARCIA-BOTELLO, et al.,

                                    **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #29.

In this action, twelve migrant farm workers allege that they were held in debt peonage by certain farm labor contractors ("Contractor defendants"), who provided their labor to more than twenty-five local farms ("Grower defendants"). Dkt. #111, ¶ 6.

Currently before the Court is plaintiffs' motion (Dkt. #246), to compel:

(1) the Grower defendants to produce all documents for the entire period 1996-2001 as requested in Plaintiffs' First Request for Production to Grower Defendants;

(2) the Grower defendants to provide complete responses to Plaintiffs' First Set of Interrogatories to Grower Defendants;

(3) the Contractor defendants to provide complete responses to Plaintiffs' First Set of Interrogatories to Contractor Defendants; and

>(4) all defendants to execute authorizations necessary for
>plaintiffs to obtain documents from the U.S. Department of
>Homeland Security, Immigration and Customs Enforcement
>Office of Investigation ("ICE"), pursuant to plaintiffs'
>Freedom of Information and Privacy Act ("FOIA"), request.

Dkt. #246. For the following reasons, plaintiffs' motion to compel is granted in part and denied in part.

Contractor Defendants

Plaintiffs served the Contractor defendants with their First Request for Production to Contractor Defendants and First Set of Interrogatories to Contractor Defendants on March 5, 2007. Dkt. #246-2, ¶ 4. Contractor defendants Elias Botello and Maria Garcia-Botello did not respond to these requests, nor did they respond to plaintiffs' request, at their depositions, that defendants provide responses. Dkt. #246-2, ¶¶ 6-7. Plaintiffs seek to compel Mr. Botello and Ms. Garcia-Botello to respond. Dkt. #247, p.3.

Neither Elias Botello or Maria Garcia-Botello responded to plaintiffs' motion to compel.

Pursuant to Fed. R. Civ. P. 37(a), plaintiffs' motion to compel Elias Botello and Maria Garcia-Botello to respond to Plaintiffs' First Request for Production to Contractor Defendants and First Set of Interrogatories to Contractor Defendants is granted. Elias Botello and Maria Garcia-Botello shall serve their responses no later than **April 24, 2009.**

Grower Defendants

Plaintiffs seek to obtain discovery from the Grower defendants for the time period of 1996 through 2000. Dkt. #247, p.3. In support of their motion, plaintiffs argue that their Second Amended Complaint alleges that the Contractor defendants furnished the labor of Augustin San Juan to the Grower defendants at various times between 1996 and 2001 and that plaintiffs' class claims cover the time period between 1996 and 2001. Dkt. #247, p.4.

The Grower defendants object to any discovery requests which predate 2001, as the only plaintiff who claims to have been in New York prior to 2001 is Augustin San Juan and there is no evidence that he worked for any of the Grower defendants. Dkt. #259, p.5. The Grower defendants also argue that the statute of limitations bars any claims by Mr. San Juan which predate October 27, 2000, the date of filing of the Second Amended Complaint. Dkt. #259, p.8.

Although plaintiffs' motion to certify a class is currently pending before Judge Skretny (Dkt. #199), the current action is not a class action. Accordingly, the Court will only consider those claims which are asserted by plaintiffs named in the Second Amended Complaint. Dkt. #111.

The Second Amended Complaint asserts that "[p]laintiffs were employees of the Contractor Defendants and, upon information and belief, some or all of the Grower Defendants on one or more occasions in July and August 2001." Dkt. #111,

¶ 17.   The only plaintiff alleged to have claims other than in 2001 is Augustin San Juan, who asserts that he was employed by Maria Garcia-Botello in 1996; from May through October, 1999; and from May through November, 2001.  Dkt. #111, ¶¶ 131-139.

In granting plaintiff Augustin San Juan permission to join this action, the Court noted that plaintiff Augustin San Juan's allegations of injuries beginning in or around 1996 and continuing at various times through 2001 may raise statute of limitations issues with respect to certain causes of action, but deferred further determination of those issues.  Dkt. #107, p.13 n.1.  At this point, however, the Court determines that the only allegations of Mr. San Juan which would be timely prior to 2001 are those allegations from October 7,[1] 1999 through October, 1999 which support causes of action with a statute of limitations of six or more years.  In other words, plaintiff San Juan's breach of contract, Labor Law and Migrant & Seasonal Agricultural Worker Protection Act claims arising from October 7, 1999 through October 31, 1999, are timely.  See Dkt. #111.  As a result, the Grower defendants must supplement their interrogatories and production of documents to include information relevant to these causes of action pertaining to plaintiff Augustin San Juan during the time period of October, 7, 1999 and October 31, 1999.

FOIA Authorizations

By letter dated May 3, 2007, plaintiffs requested from ICE, pursuant to FOIA, information relating to the investigation of the Contractor defendants, and any

---

[1] The relevant date, for statute of limitations purposes, is the date of filing of the motion to amend seeking to add Mr. San Juan as a plaintiff in this action.  Dkt. #91.

-4-

interaction they may have had with the Grower defendants.  Dkt. #248-14.  ICE relied upon exemption b(6)[2] and (b)(7)(C)[3] of FOIA to deny the request "pending the completion of the enclosed Affirmation/Declaration by the forenamed individuals."  Dkt. #248-15.

Plaintiffs seek to compel defendants to authorize ICE to release these records.  Dkt. #246-2.  Plaintiffs argue that they "believe that [this] is the only source for Plaintiffs to obtain the business records – *i.e.*, timesheets, communications with the Grower Defendants, worker identification documents – that were seized from the Contractor Defendants during the federal government's criminal investigation."  Dkt. #247, p.5.

Defendants argue that plaintiffs received these documents from counsel for the contractor defendants, who also represented the contractor defendants with respect to the related criminal charges, pursuant to the Court's direction during a status conference on June 25, 2005.  Dkt. #259, p.10.  Defendants also argue that there is no legal basis to compel them to execute authorizations in support of plaintiffs' FOIA request.  Dkt. #259, pp.10-11.

---

[2] 5 U.S.C. § 552(b)(6) provides that FOIA does not apply to "personnel and medical files and similar files the disclosure of which constitutes a clearly unwarranted invasion of personal privacy."  Dkt. #248-16, p.9.

[3] 5 U.S.C. § 552(b)(7)(C) provides that FOIA does not apply to "records of information compiled for law enforcement purposes, but only to the extent that the production of such records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

The Court agrees with defendants that "FOIA is not intended as a discovery device" and that a subpoena is the appropriate discovery device for obtaining documents from a government agency pertaining to private litigation. See Fischer v. Cirrus Design Corp., No. CIVA503CV0782HGMDEP, 2005 WL 3159658 at *7 (N.D.N.Y. November 23, 2005). Accordingly, this aspect of plaintiffs' motion to compel is denied.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to compel (Dkt. #246), is granted in part. Elias Botello and Maria Garcia-Botello shall serve their responses to Plaintiffs' First Request for Production to Contract Defendants and First Set of Interrogatories to Contractor Defendant no later than **April 24, 2009.** The Grower defendants shall supplement their responses to Plaintiffs' First Request for Production to Grower Defendants and Plaintiffs' First Set of Interrogatories to Grower Defendants to disclose information relating to plaintiff Augustin San Juan's timely claims during the time frame of October 7, 1999 and October 31, 1999 no later than **April 24, 2009.** Defendants shall not be required to execute authorizations to the U.S. Department of Homeland Security, Immigration and Customs Enforcement Office of Investigation.

**SO ORDERED.**

DATED:     Buffalo, New York
           March 30, 2009

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**